UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH J. BUNK,

                                        Plaintiff,

                                                                    <u>DECISION AND ORDER</u>

                                                                    05-CV-6127L

                        v.

GENERAL SERVICES ADMINISTRATION,
STEPHEN A. PERRY, Administrator,

                                        Defendants.
_____

**INTRODUCTION**

Plaintiff, Joseph J. Bunk ("Bunk"), commenced this action, *pro se,* against the United States

General Services Administration ("GSA"), and Stephen A. Perry ("Perry"), claiming employment

discrimination on the basis of age in violation of the Age Discrimination in Employment Act of

1967, 29 U.S.C. § 621 ("ADEA").   Bunk, a long-time employee of GSA at Buffalo, New York

applied for the position of Building Manager.  Although Bunk was one of the five finalists for the

position, another candidate was selected, Michael King ("King").  When he was selected, King was

39 years old, 11 years younger than Bunk.  Bunk, distressed that he was not selected for the position,

commenced this action alleging that his failure to be selected was due to age discrimination.

Pending before the court are defendants GSA and Stephen A. Perry's motion for summary judgment. (Dkt. # 6). Plaintiff opposes summary judgment contending that issues of material fact exist regarding plaintiff's non-promotion.

Based upon the record as a whole, including the affidavits and exhibits presented by the plaintiff, I do not agree that an issue of material fact exists warranting a trial. Defendants' motion for summary judgment is granted, and the complaint dismissed with prejudice.

## FACTUAL BACKGROUND

At the time of the alleged discrimination, plaintiff was 49 years old. Plaintiff had been employed by GSA in the Dulski Federal Building in Buffalo, New York, for over 30 years. In early 2002, the incumbent Building Manager took a position in Texas. This created a vacancy in the Federal Building in Buffalo. In anticipation of the vacancy, Frank H. Santella ("Santella"), the Director of GSA's Upstate New York Service Center, initiated a process to fill the vacancy. He contacted GSA's Human Resources Department in New York City and, as a result of that inquiry, on March 4, 2002, a vacancy announcement for the Building Manager position was issued by Human Resources in New York. The announcement was published nationally which meant that any eligible GSA employee could apply for the position. The date for applying was March 15, 2002, but it was later extended to March 29, 2002.

All applications for the position were sent to the Human Resources office in New York City. Eight candidates, including plaintiff and King, applied for the position. Mary Ellis ("Ellis"), the

Lead Human Resources Specialist for the GSA Region 2[1], reviewed the applications and determined that five of the eight applicants were qualified for the position. Those five applications were forwarded to Santella at his Syracuse office for review.

Santella personally interviewed all five applicants and narrowed the selection down to plaintiff and King. At that time, King had been the Assistant Buildings Manager of the Columbus, Ohio office for four years. Santella then invited plaintiff and King to a second interview. Santella selected King for the position. He accepted and joined the Buffalo office on June 30, 2002.

On August 7, 2002, plaintiff filed a formal complaint of discrimination with the EEOC. Specifically, plaintiff alleged that he had been discriminated against on the basis of his age when he was not promoted to the Building Manager position.

The EEOC investigated the matter and found no discrimination. EEOC Administrative Judge, Enechi Modu, granted GSA's motion to dismiss on September 8, 2004, and ruled in favor of GSA, finding that plaintiff had failed to prove that GSA's reasons for not promoting plaintiff were mere pretext for age discrimination.

## DISCUSSION

I. Standard of Review in Summary Judgment Cases

Summary judgment is appropriate only when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

---

[1]GSA Region 2 includes all of New York State, parts of New Jersey, Puerto Rico and the Virgin Islands.

of law." FED. R. CIV. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247 (1986). "A fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law.'...An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the moving party.'" *Lovejoy-Wilson v. NOCO Motor Fuel, Inc.,* 263 F.3d 208, 212 (2d Cir. 2001)(quoting *Anderson,* 477 U.S. at 248); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986).

The general principles regarding summary judgment apply equally to discrimination actions. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 524 (1993))(reiterating "that trial courts should not 'treat discrimination differently from other ultimate questions of fact.'"). Although courts should be cautious about granting summary judgment in cases where motive, intent or state of mind are at issue, *see Dister v. Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir.1988); *Montana v. First Fed. Sav. and Loan Ass'n of Rochester*, 869 F.2d 100, 103 (2d Cir.1989), "the salutary purposes of summary judgment – avoiding protracted, expensive and harassing trials – apply no less to discrimination cases than to ... other areas of litigation." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985)(summary judgment rule would be rendered sterile if mere incantation of intent or state of mind would act as a talisman to defeat an otherwise valid motion).

The Court analyzes discrimination claims in accordance with the familiar *McDonnell Douglas* burden-shifting paradigm. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *see also Reeves*, 530 U.S. at 148. First, plaintiff must establish a *prima facie* case of discrimination. The burden then shifts to the defendant to articulate a legitimate, nondiscriminatory business

rationale for its actions. "If the defendant has stated a neutral reason for the adverse action, 'to defeat summary judgment…the plaintiff's admissible evidence must show circumstances that would be sufficient to permit a rational finder of fact to infer that the defendant's employment decision was more likely than not based in whole or in part on discrimination.'" *Feingold v. New York*, 366 F.3d 138, 152 (2d Cir.2004)(quoting *Stern v. Trustees of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir.1997)).

## II. Plaintiff's Burden to Prove Pretext

Defendants concede that plaintiff has established a *prima facie* case under the ADEA. Bunk was over 40 years old, was qualified for the position, and the vacant position was filled by a younger applicant. Defendants contend that age was not a motivating factor in the decision to select King instead of Bunk. Defendants claim, and I agree, that it has advanced a legitimate business reason, not related to age, for not hiring plaintiff as Building Manager. Furthermore, defendants contend, and I agree, that Bunk has failed to establish that the proffered reason for hiring King was false or that the reasons advanced for hiring King were pretextual.

The reasons advanced by GSA for hiring King and Buck are significant. Santella was charged with reviewing the five candidates deemed to be qualified for the position by GSA's Regional Human Resources Department in New York. He interviewed all five and eventually gave a second interview to both Buck and King.

Santella first reviewed the written applications from the candidates. Candidates were evaluated according to a score sheet created by Santella which rated each applicant as follows: 50% based on the quality of the interview; 20% based on prior work experience; 10% based on formal

education/training; 10% based on knowledge and skills; and 10% for past merit promotion evaluations. Santella had prepared twenty-eight questions which he asked each of the applicants. Out of maximum attainable score of 100, plaintiff scored 70.17, while King scored 85.42.

For the second interview, King and plaintiff were given questions in advance. These questions related to the applicant's one-year business plan for the Buffalo office, the candidates' evaluation of the current performance of the Buffalo office and any technological innovations that the candidates anticipated using in their new job. Both candidates were told that they had five days within which to respond to the questions at this interview.

In support of its motion for summary judgment, defendants have submitted the applications, interview notes of Santella and the business plans submitted by plaintiff and King. Santella's notes from the interviews clearly establish that King scored better than plaintiff in four out of the five areas. (Dkt. #8, Ex. 1A-AH). Furthermore, King submitted a 9-page business plan after the second interview, but plaintiff only submitted a very general, 1-page plan.

Plaintiff contends that he was better qualified for the position because he had worked in the Buffalo Federal Building for over 30 years. Of course, an employee's subjective opinion about his qualifications is insufficient to give rise to a triable issue of fact concerning whether the employer's proffered reason is a pretext for discrimination, especially when there is no question that plaintiff was qualified and the decision was simply whether he was the best candidate. *See Richane v. Fairport Central School Dist.,* 179 F.Supp.2d 81, 87 (W.D.N.Y. 2001); *see also Holt v. KMI Continental, Inc.,* 95 F.3d 123, 130 (2d Cir. 1996)(plaintiff cannot show pretext simply "by asserting her personal belief that she was the most qualified person for the various positions"); *Shapolia v.*

*LosAmos Nat'l Lab,* 992 F.2d 1033, 1039 (10th Cir. 1993)(employee's own assessment of his job performance is inadequate to raise issue of fact for trial).

Santella did note that Bunk had valuable experience and a general interest in the Buffalo office  in his memorandum to the file outlining the reasons why he selected King instead of plaintiff. Santella stated that King simply performed better in the interview and submitted a much more comprehensive and thorough business plan for the Buffalo office.  References for both candidates were checked.  King's Supervisor in Ohio highly recommended King for the position while plaintiff's Supervisor noted that Bunk needed to improve his interpersonal skills.

It is clear, then, that GSA has met its burden of offering legitimate business reasons for selecting King instead of Bunk.  The reasons are substantial, relate to job performance and are documented.  Plaintiff suggests that the reasons are a mere pretext for age discrimination.  In my view, the evidence does not support that.

For plaintiff to survive summary judgment, he must do more than present "conclusory allegations of discrimination."  *Meiri,* 759 F.2d at 998.  He must offer "concrete particulars" to substantiate the claim of pretext.  *Id.*  In the summary judgment context, plaintiff must establish a genuine issue of material fact, either through direct, statistical or circumstantial evidence as to whether the employer's reason for not hiring him is false and establish his ultimate burden of persuasion that the defendant's decision was based on discrimination on account of age.  *See  Texas Dept. of Community Affairs v. Burdine,* 450 U.S. 248, 253 (1981);  *Slattery v. Swiss Reinsurance America Corp.,* 248 F.3d 87, 94 (2d Cir. 2001);  *Richane*, 179 F.Supp.2d  at 86.  Plaintiff must make a showing that the defendants' proffered explanations concerning employment decisions were

pretextual, and if plaintiff fails to credibly challenge the employer's non-discriminatory explanation, then summary judgment is appropriate.  *Slattery,* 248 F.3d at 94; *see also Schnabel v. Abramson,* 232 F.3d  83, 89 (2d Cir. 2000).

Compared to the substantial evidence and reasons advanced by GSA for hiring King, Bunk's evidence showing pretext is meager.  He relies on a few comments allegedly made by Santella during the interview and his view that the entire procedure utilized to select candidates was "tainted" because it was advertised nationally.  Plaintiff claims that he was asked questions about his retirement plans during the interview and also asserts that Santella used the term "dinosaur" in reference to a co-worker's age.  Santella denies making either comment though.  Even if these comments occurred, I do not believe they constitute sufficient evidence of discriminatory intent and are merely "stray remarks."  Stray remarks, even if they occurred as plaintiff claims,  are not enough to satisfy the plaintiff's burden of proving pretext. Stray remarks alone do not create an issue of material fact to defeat summary judgment.  *Danzer v. Norden Systems, Inc.,* 151 F.3d 50, 53 (2d Cir. 1998); *Spence  v.  Maryland Cas, Co.,*  995 F.2d 1147, 1155 (2d Cir. 1993).

According to Santella, the "dinosaur" comment was taken out of context.  It was made in reference to the business philosophy of GSA in the past and, in any event, it was made during Bunk's first interview.  He was, of course, invited to a second interview so it is difficult to see how that comment establishes any discriminatory animus.

Plaintiff's claim that the selection process was tainted is without merit.  The fact the position was opened nationally by itself could not demonstrate discriminatory bias.  At the time the position was announced, no one could have anticipated the number of applicants or their age.  The record

demonstrates that it was not unusual for positions such as this to be opened for national consideration.  The fact that relocation pay was offered to King and others who had previously accepted the position is of no moment and has no bearing on plaintiff's claims of discrimination.

As the Second Circuit noted, "[w]hen a plaintiff seeks to prevent summary judgment on the strength of a discrepancy in qualifications ignored by an employer...the plaintiff's credentials would have to be so superior to the credentials of the person selected for the job that no reasonable person, in the exercise of impartial judgment, could have chosen the candidate selected over the plaintiff...." *Richane,* 179 F.Supp.2d at 90 (quoting *Byrnie v. Town of Cromwell,* 243 F.3d 93, 103 (2d Cir. 2001) (citation omitted)).

Furthermore, the ADEA prohibits discrimination, not poor judgment.  *See Richane,* 179 F.Supp.2d at 89 (citing *Gumbs v. Hall,* 51 F.Supp.2d 275, 282 (W.D.N.Y. 1999)); *see also Montana,* 869 F.2d  at 106 (federal courts do not have a "roving commission to review business judgments") (quoting *Graefenhain v. Pabst Brewing Co.,* 827 F.2d 13, 21 n. 8 (7th Cir. 1987)); *Dister,* 859 F.2d at 1116 ("[e]vidence that an employer made poor business judgment generally is insufficient to establish a question of fact as to the credibility of the employer's reasons"); *Meiri,* 759 F.2d at 995 (courts "must refrain from intruding into an employer's policy apparatus or second-guessing a business's decision-making process"); *Mesnick v. General Electric Co.,* 950 F.2d 816, 825 (1st Cir. 1992) ("[c]ourts may not sit as super personnel departments, assessing the merits–or even the rationality–of employers' non-discriminatory business decisions"); *Graefenhain,* 827 F.2d at 20 ("A business decision need not be good or even wise.  It simply has to be nondiscriminatory..."). Employers should be free to choose the person that they honestly (even if erroneously) consider the

better-qualified candidate without being subjected to liability merely because the candidates are of a different age. *Richane,* 179 F.Supp.2d at 89.

In any event, even if the instances upon which plaintiff relies could be construed as some evidence of pretext, I still think summary judgment is warranted. No rational factfinder could conclude that age was the reason defendants did not promote Buck. *See Reeves,* 530 U.S. at 148 ("there will be instances where, although the plaintiff has established a *prima facie* case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory"); *Schnabel*, 232 F.3d at 91 (granting summary judgment to defendant where plaintiff "presented no evidence from which the inference could be drawn that he was discriminated against on the bases of age . . . .").

## CONCLUSION

In sum, plaintiff has failed to prove that defendants' proffered legitimate, non-discriminatory business reasons for failing to hire him are a pretext for discrimination. Plaintiff has failed to carry his burden of establishing questions of fact regarding defendants' decision not to promote him. Defendants' motion for summary judgment (Dkt. # 6) is granted and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       January 11, 2006.